

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAUREEN MURPHY, individually and on behalf of a class of similarly situated individuals; JOHN HUDDLESTON, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as Secretary of Commerce; et al., <br><br> Defendants-Appellees. | No. 23-35166 <br><br> D.C. No. 3:22-cv-05377-DGE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted March 25, 2024**
Seattle, Washington

Before: WARDLAW, W. FLETCHER, and MILLER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants Maureen Murphy and John Huddleston, residents of Washington and California respectively, received and declined to complete the American Community Survey, or ACS. The ACS is a long-form survey the Census Bureau distributes each month to a randomly selected set of households nationwide.

Completing the ACS is required by statute, and the Bureau has been granted the authority to fine or refer for prosecution people who refuse to complete the survey. *See* 13 U.S.C. § 221(a) (fine of $100 for refusal to answer survey questions). Murphy and Huddleston do not allege that the Bureau fined them or referred them for prosecution. Instead, Murphy alleges that she received several follow-up visits from a Census Bureau agent and letters from the Bureau asking her to fill out the ACS. Huddleston alleges that he also received a follow-up visit from a Census Bureau agent and a letter from the agency.

Murphy and Huddleston seek to enjoin the Census Bureau from "requiring Plaintiffs to answer the [ACS]," from "imposing any monetary fine on Plaintiffs for refusing" to do so, and from "otherwise taking any adverse action against Plaintiffs for refusing to answer the [ACS]." The district court dismissed Murphy and Huddleston's suit as constitutionally unripe. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

2

Because the Bureau has not fined Murphy and Huddleston or otherwise compelled them to fill out the survey or taken adverse action against them for failing to do so, the district court properly analyzed Murphy and Huddleston's claims as challenges to an enforcement or prosecution action brought before the challenged action has been taken.

"[F]or a claim to be ripe, the plaintiff must be subject to a '*genuine* threat of *imminent* prosecution.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (emphasis in original) (quoting *San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). To determine "whether a claimed threat of prosecution is genuine, we consider: (1) whether the plaintiff has articulated a concrete plan to violate the law in question; (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings; and (3) the history of past prosecution or enforcement under the challenged [law]." *Id.* The district court found the second and third factors of this test dispositive because the Bureau has not communicated any specific threat to fine Murphy or Huddleston or to refer them for prosecution, and because the Bureau has never referred anyone for prosecution for failing to complete the ACS.

We agree. The agent visits and letters received by Murphy and Huddleston did not communicate a specific warning or threat that they would be fined or

3

prosecuted if they refused to complete the ACS. None of the communications Murphy and Huddleston received from the Bureau mentioned the possibility of fines or prosecution. Murphy and Huddleston do not contend that the Bureau has ever referred anyone for prosecution for not completing the ACS, and the Bureau has noted that no one has been prosecuted for failing to complete the ACS or its predecessor survey since the 1970s. The district court correctly determined that Murphy and Huddleston's claims are constitutionally unripe.

Murphy and Huddleston's principal argument is that their suit is ripe because they claim their selection for the ACS and the agent visits and letters they received constituted final agency action under the Administrative Procedure Act. *See Sackett v. E.P.A.*, 566 U.S. 120, 126–27 (2012). But Murphy and Huddleston do not seek protection against being selected for the ACS or receiving agent visits and letters. They seek protection against criminal prosecution and the assessment of fines. There has been no final action, or indeed a serious threat of any action whatsoever, with respect to criminal prosecution and assessment of fines.

Finally, Murphy and Huddleston and *amicus curiae* cite *California Trucking Ass'n v. Bonta*, 996 F.3d 644 (9th Cir. 2021), and *Arizona v. Yellen*, 34 F.4th 841 (9th Cir. 2022), for the proposition that a preemptive challenge to agency action becomes ripe whenever the agency "'sen[ds] letters . . . notifying [plaintiffs]' of its

4

interpretation of a new requirement." *Yellen*, 34 F.4th at 850 (second and third alterations in brief of *amicus curiae*) (quoting *Cal. Trucking Ass'n*, 996 F.3d at 653). Their reliance on these cases is misplaced. In *California Trucking Ass'n*, the State's letters notifying businesses that they were violating a newly enacted law communicated "a realistic threat to initiate proceedings against them" because the State had "mov[ed] aggressively to enforce" the law and had "commenced a number of prosecutions against companies" in the short time since the law's enactment. *Cal. Trucking Ass'n*, 996 F.3d at 653. And in *Arizona v. Yellen*, the Treasury Department's letter "confirm[ed] that the Offset Provision *will be enforced*," and the Department in rulemaking had "outline[d] the detailed and specific process that will be used to recoup funds from States that violate the Offset Provision." *Yellen*, 34 F.4th at 850 (emphasis added).

**AFFIRMED.**